UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Michael Muzio,** | ) | **CASE NO. 4:15 CV 2586** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **R. Hanson, Warden** | ) | |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

*Pro se* Petitioner Michael Muzio filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241. He is incarcerated in the Elkton Federal Correctional Institution, having been convicted in the Southern District of Florida on one count of conspiracy to commit wire fraud, two counts of substantive wire fraud, six counts of securities fraud, and two counts of making false statements to agents of the SEC and the FBI. *See United States v. Muzio*, 757 F.3d 1243, 1245 (11th Cir. 2014). He was sentenced on July 1, 2010 to 163 months in prison, three years of supervised release, and $1,100.00 in assessments. The district court indicated that restitution also would be ordered but stated that "[t]he determination of restitution is deferred for [ninety] days. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination." *Id.* In his habeas petition, Petitioner asserts that, to date, the trial court has not ordered an amount for restitution. He claims this means the sentencing order

is not yet valid, and there is no legal authority for his continued detention.  For the reasons set forth below, the Petition is denied and this action is dismissed.

**BACKGROUND**

Petitioner was convicted in the Southern District of Florida on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; two counts of substantive wire fraud, in violation of 18 U.S.C. § 1343; six counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); and two counts of making false statements to agents of the SEC and the FBI, in violation of 18 U.S.C. § 1001(a)(2).  The court sentenced him to prison time followed by a period of supervised release.  In its judgment of conviction issued in July 2010, the court indicated that it would also order restitution to be made, but deferred the determination of the amount of restitution for a period of ninety days pursuant to 18 U.S.C. § 3664(d)(5).  The parties agreed on the amount of restitution Petitioner should pay, and on October 21, 2010, the magistrate judge filed a report recommending that Petitioner be ordered to pay $631,976.06 in restitution.  On November 3, 2010, the district court adopted the report and recommendation, ordered Petitioner to pay $631,976.06 in restitution, and ordered the government to prepare and submit a final judgment to the court.  The government, however, did not comply with that order. To date, the district court has not entered an amended final judgment reflecting the amount of restitution Petitioner was ordered to pay.

Petitioner filed an appeal of his conviction in July 2010.  Four years later, in July 2014, the United States Eleventh Circuit Court of Appeals determined it had jurisdiction to hear Petitioner's appeal from the district court's July judgment even though the district court had not yet entered the amended judgment relative to restitution. Citing *Dolan v. United States*, 560

U.S. 605 (2010) and *Corey v. United States*, 375 U.S. 169, 174–75 (1963), where the Eleventh Circuit held that the fact that the district court missed the ninety-day deadline to order restitution under 18 U.S.C. § 3664(d)(5) did not deprive the district court of the power to order restitution at a later date, and did not delay Petitioner's right to appeal his conviction or other portions of his sentence. *Muzio*, 757 F.3d at 1248-49.

Petitioner has now filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming he is incarcerated under an invalid sentence. He contends that until the Southern District of Florida enters an amended judgment reflecting the amount of restitution, the judgment of conviction is not final. He reasons that with no final judgment of conviction, there is no legal authority for his continued detention. He seeks immediate release from custody.

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see*

*also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**DISCUSSION**

Petitioner cannot pursue this claim in a § 2241 habeas petition. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct

-4-

appeal or by motion under § 2255, or where he did assert his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Petitioner is clearly challenging the imposition of his sentence. He disagrees with the Eleventh Circuit's decision on his appeal, and argues no part of his sentencing order is valid until the Southern District of Florida enters an amount for restitution. His claim does not attack the way in which his sentence is being carried out, but instead attacks the validity of the sentence itself. Petitioner's only option for asserting this claim is in a motion to vacate under 28 U.S.C. § 2255 filed in the Southern District of Florida. The exception in 28 U.S.C. § 2255(e) does not apply in this case. Petitioner cannot assert this claim in a § 2241 petition.

**CONCLUSION**

For all the foregoing reasons, Petitioner's application to proceed *in forma pauperis* (ECF No. 2) is granted, the petition (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith..

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/23/16